Argued and submitted May 20, affirmed July 14, petition for review denied
December 9, 2021 (369 Or 69)

In the Matter of the Compensation of
Brittany Deyo-Bundy, Claimant.

Brittany DEYO-BUNDY,
*Petitioner,*

*v.*

SAIF CORPORATION
and Salem Clinic PC,
*Respondents.*

Workers' Compensation Board
1705694; A174082

495 P3d 745

Aaron S. Price argued the cause for petitioner. Also on the briefs was Welch, Bruun & Green.

Daniel E. Walker argued the cause for respondents. On the brief was Beth Cupani.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Claimant petitions for judicial review of a final order of the Workers' Compensation Board upholding respondent SAIF Corporation's denial of her new or omitted condition claim for opioid use disorder. We affirm.

Claimant suffered a compensable back injury at work and contends that her opioid use disorder occurred as a consequence of that injury. Claimant contends that substantial evidence does not support the board's finding that her opioid use disorder predated her workplace injury. "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). Here, Dr. Sudakin's opinion supports the board's finding and, having considered that opinion in the context of the record as a whole, we cannot say that it was unreasonable for the board to rely on it.

Claimant also contends that the board's determination is not supported by substantial reason. She notes that she testified that she did not have an opioid use disorder before the work injury, and that the administrative law judge (ALJ) expressly found her to be a credible witness based on her demeanor, and argues that the board's express acceptance of that credibility determination is not linked by substantial reason to its ultimate finding, based on Sudakin's opinion, that claimant's opioid use disorder predated the work injury.

"In determining whether the board's order is supported by substantial reason, we consider whether that order articulates the reasoning that leads from the facts found to the conclusions drawn." *Walker v. Providence Health System Oregon*, 254 Or App 676, 686, 298 P3d 38, *rev den*, 353 Or 714 (2013) (internal quotation marks omitted). Here, the board explained why it relied on Sudakin's opinion, notwithstanding the ALJ's demeanor-based finding that claimant was credible:

> "However, the issue of whether claimant's June 2016 compensable injury and medical treatment was the major contributing cause of her opioid use disorder is a complex

medical question. Under these particular circumstances, the compensability of the opioid use disorder condition must be established by the opinion of a persuasive medical expert. Consequently, the ALJ's 'demeanor-based' credibility finding is not determinative."

That is reason enough. We, like the board, long have recognized that demeanor-based credibility findings often will not be a basis for resolving an issue that turns on expert opinion, because the decision whether to credit an expert typically will turn on the expert's reasoning, not demeanor. *McCoy and McCoy*, 28 Or App 919, 924, 562 P2d 207, *clarified by* 29 Or App 287, 563 P2d 738 (1977) ("However, the manner and demeanor of this type of expert witness is probably less crucial to ascertaining credibility than is the analysis of the witness' reasoning stated in the record.").

Claimant also argues that the board abused its discretion by relying on Sudakin's opinion, in view of claimant's credible testimony and the other medical evidence in the record, which supported claimant's view of things. Having considered the record and the basis for Sudakin's opinion, we disagree that the board abused its discretion by relying on it.

Affirmed.